IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BARRY N. WOODS, #428729, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0965-M |
| | ) | |
| GEORGE LOLY, et al., | ) | |
|     Defendants. | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights complaint brought by a state inmate pursuant to 42 U.S.C. § 1983. Plaintiff submitted a motion for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

Parties: Plaintiff is currently confined at the Sanders Estes Unit of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Venus, Texas.

Defendants are George Loly, CEO of G.E.O., and seven G.E.O employees at the Sanders Estes Unit: Warden David McComis, Lt. Lonnie Bratcher, and Correctional Officers Daniel Simpson, Benny Dunsworth, Maria Chata, Don Austin, and Marlena S. Friddle. The court has not issued process in this case, pending preliminary screening.[1]

---

[1] The correct spelling of the CEO is George Zoley.

Statement of Case: Plaintiff complains of smoke inhalation as a result of a fire in the living quarters at the Sanders Estes Unit in December 2007. He seeks monetary relief.[2]

Findings and Conclusions: The Prison Litigation Reform Act (PLRA), enacted into law on April 26, 1996, amended 28 U.S.C. § 1915 as it relates to civil actions filed by prisoners in federal court. Among the changes effected by the PLRA was the inclusion of 28 U.S.C. § 1915(g), also known as the "three-strike" provision. Section 1915(g) precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

A review of the U.S. Party and Case Index reflects that the U.S. District Court for the Southern District of Texas, Houston Division, dismissed one of Plaintiff's prior civil rights actions as barred by three strikes. *Woods v. Lopez, et al.,* 4:03cv3416 (S.D. Tex., Houston Div., Sep. 22, 2003). The court concluded that Plaintiff had on three prior occasions, while incarcerated or detained, brought an action that was dismissed on the grounds that it was frivolous or failed to state a claim upon which relief may be granted. *See Woods v. State of Texas*, 4:92cv0864 (S.D. Tex.) (dismissed Jul 27, 1993); *Woods v. Woldy*; 4:92cv2973 (S.D. Tex.) (dismissed as frivolous Oct. 29, 1992); *Woods v. States of Texas*, 4:95cv3156 (S.D. Tex.) (dismissed as frivolous Dec. 11, 1995); and *Woods v. Brown*, 4:96cv2764 (S.D. Tex.) (dismissed

---

[2] Five other litigants recently filed complaints alleging similar claims: *Martin v. Zoley, et al.*, 3:08cv490-D-BF, *Villarreal v. Zoley, et al.*, 3:08cv0494-L-BH, *Cochran v. Zoley, et al.*, 3:08cv502-G-AH, *Hinojosa v. Zoley, et al.*, 3:08cv505-B-AH, and *Hardeman v. Zoley, et al.*, 3:08cv0974-N-BD

as frivolous Mar. 26, 1997); *Woods v. Johnson*, 4:03cv3376 (S.D. Tex.) (dismissed with prejudice for failure to state a claim Aug. 28, 2003). Plaintiff did not appeal.

Because Plaintiff has accumulated at least three "strikes," § 1915(g) precludes him from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time he filed the complaint on June 4, 2008. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).[3] The complaint presents no claim that he was in danger of any physical injury at the time of filing the same. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997); *Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). *See also Banos*, 144 F.3d at 883-84. Therefore, the District Court should bar Plaintiff from proceeding *in forma pauperis* and dismiss his complaint as barred by three strikes unless he pays the full filing fee of $350.00 within the next ten days. *See Adepegba*, 103 F.3d at 388.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the District Court DENY Plaintiff's motion to proceed *in forma pauperis,* and DISMISS this action as barred by three strikes under 28 U.S.C. § 1915(g), unless Plaintiff tenders the $350.00 filing fee to the District Clerk within

---

[3] Plaintiff's complaint is deemed to have been filed on the date on which he signed it and presumably placed it in the prison mail system. *See Cooper v. Brookshire*, 70 F.3d 377, 379-380 (5th Cir. 1995) (extending "mailbox rule" established by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, at 270 (1988), to prisoner's *pro se* complaint filed under § 1983).

ten (10) days of the filing of this recommendation.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 24th day of June, 2008.

/s/ Wm. F. Sanderson, Jr.
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.